UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT M. MCCLAIN and<br>CITY OF BROCKTON,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil No. 21-10842-LTS<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 30)

July 28, 2022

SOROKIN, J.

In this action, the United States of America ("the government") seeks to reduce to judgment income tax liability and civil penalty assessments owed to it by defendant Scott M. McClain. Doc. No. 20 at 1.[1] The government also requests an order allowing it to enforce the associated tax liens through a judicial sale of a property McClain owned in Brockton, Massachusetts ("the Property").[2] Id. After McClain unsuccessfully moved to dismiss the action and discovery was conducted, Doc. Nos. 8, 27, the government moved for summary judgment, Doc. No. 30. For reasons explained in this Order, the government's motion is ALLOWED.

The Court first addresses the record of undisputed facts before it in connection with the pending motion. Consistent with deadlines set by the Court in an October 2021 pretrial scheduling order, Doc. No. 13, the government moved for summary judgment on March 4, 2022,

---

[1] Citations to "Doc. No. __ at __" reference items appearing on the court's electronic docketing system, and pincites are to the page numbers in the ECF header.
[2] The docket in this action and various exhibits before the Court suggest the Property is not McClain's home/primary mailing address.

Doc. No. 30. Though he had recently submitted two letters to the Court seeking various forms of relief, Doc. Nos. 28, 29, McClain filed no opposition or other response to the motion for summary judgment, nor did he seek additional time in which to do so. The deadline for McClain's response passed months ago. See Doc. No. 13 at 2 (requiring opposition to any dispositive motion to be filed within thirty days of such motion).

In the memorandum supporting its summary judgment motion, the government included a statement of undisputed facts, as required by the Local Rules.[3] Doc. No. 31 at 1-12; see D. Mass. L.R. 56.1. McClain's failure to oppose the government's motion means he has made no response to the government's statement of facts or otherwise put forth "a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." D. Mass. L.R. 56.1. This Court's Local Rules provides: "Material facts of record set forth in the statement required to be served by the moving party _will be deemed for purposes of the motion to be admitted_ by opposing parties _unless controverted by the statement required to be served by opposing parties_." D. Mass. L.R. 56.1;[4] see Fed. R. Civ. P. 56(e)(2) (permitting a court to "consider [a] fact undisputed for purposes of" summary judgment if a party "fails to properly address another party's assertion of fact").

After careful consideration of the entire record, including McClain's submissions throughout the course of this litigation and the exhibits offered by the government to support its recitation of undisputed material facts, the Court deems each of the assertions of fact contained

---

[3] Neither of McClain's letters requested summary judgment in his favor or contained such a statement. See generally Doc. Nos. 28, 29.
[4] All internal quotation marks have been omitted, and all emphases supplied, unless otherwise noted.

within the government's memorandum ADMITTED for purposes of the pending motion. McClain, like other pro se litigants, is bound to comply with all applicable Federal and Local Rules. Fed. Deposit Ins. Corp. v. Anchor Props., 13 F.3d 27, 31 (1st Cir. 1994). The Court finds that his failure to answer the government's factual statement—or, indeed, to respond to its motion at all—was not an accidental oversight or omission by a litigant unaware of the relevant requirements, but the choice of a party who has demonstrated a pattern of resisting the authority of the government and its agencies. In these circumstances, treating the government's statement of facts as conceded by McClain is warranted. Fed. R. Civ. P. 56(e)(1)-(2); D. Mass. L.R. 1.3, 56.1. As the Court writes mainly for the parties, it will adopt and incorporate the government's recitation of facts (Doc. No. 31 at 1-12) by reference and will not repeat them here.

      Turning to the substance of the pending motion, the Court applies the familiar summary judgment standard to the undisputed material facts identified by the government and unrebutted by McClain. See Fed. R. Civ. P. 56(a); Quinones v. Houser Buick, 436 F.3d 284, 289 (1st Cir. 2006) (discussing standard and noting burden on non-moving party to set forth specific facts showing that a genuine issue of material fact exists). In reviewing this record, the Court examines the facts in the light most favorable to McClain, the non-moving party, and draws all reasonable inferences in his favor. Sands v. Ridefilm Corp., 212 F.3d 657, 661 (1st Cir. 2000).

      In its first claim, the government seeks to reduce to judgment McClain's 2008 income tax liability. Doc. No. 20 ¶¶ 4-6. As evidence of the liability, the government has provided "a true Form 4340, Certificate of Assessments, Payments, and Other Specified Matters for Scott M McClain covering U.S. Individual Income Tax Return in respect to the tax period ending December 31, 2008." Doc. No. 31-23; see Doc. No. 31 at 6-7 (describing investigation and assessment of McClain's 2008 income tax). Such a Certificate is "presumptive proof" that the

underlying assessment was valid, that McClain was notified of the assessment, and that a demand for payment was made. Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992); accord United States v. Templeman, 12 F. App'x 18, 20-21 (1st Cir. 2001). The assessment evidenced by the Certificate "is entitled to a legal presumption of correctness" which "can help the Government prove its case against a taxpayer in court." United States v. For D'Italia, Inc., 536 U.S. 238, 242 (2002).

Having failed to respond to the government's motion, McClain has done nothing to overcome that presumption. See Delaney v. Comm'r of Internal Revenue, 99 F.3d 20, 23 (1st Cir. 1996). McClain's various theories offered in past letters and submissions to justify his objection to the tax liability and penalties at issue are frivolous and neither overcome the presumption nor establish the assessments and penalties at issue were erroneous. See In re Haggert, 981 F.2d 1245, 1992 WL 379414, at *4 (1st Cir. 1992) (unpublished) (describing "well-worn tax-protestor arguments" including those McClain advances here as "repeatedly rejected by the courts" and "meritless, indeed silly"); Blanchette v. Soc. Sec. Admin., No. 13-12655-RGS, 2014 WL 667514, at *2 (D. Mass. Feb. 21, 2014) (finding argument that individual was "not a 'person' subject to an internal revenue tax" was "frivolous")[5]; see also Doc. No. 31 at 13-16 (identifying obvious and fatal flaws in McClain's arguments that federal income tax may be applied only in Washington, D.C., and other federal territories, that McClain is a "nonresident alien" and not a "person" or "taxpayer" for purposes of federal tax laws, and that only federal employees are subject to income tax withholding); Doc. No. 7 at 3-10 (identifying obvious and

---

[5] In Blanchette, one case Judge Stearns cited emphasized that arguments such as McClain's have been "consistently and thoroughly rejected by every branch of government for decades," such that even thirty-five years ago civil litigants who persisted in advancing such "utterly meritless" arguments faced "serious sanctions." 2014 WL 667514, at *2 n.1 (quoting United States v. Studley, 783 F.2d 934, 937 n.3 (9th Cir. 1986)).

fatal flaws in various arguments McClain advanced in support of his view that this Court lacked jurisdiction and should dismiss this action).

Thus, the undisputed facts establish that McClain is liable for tax, penalties, and interest for the 2008 tax year in the amount identified by the government, and entry of judgment as a matter of law in the government's favor on Count One is warranted.

The government's second claim seeks to reduce to judgment penalties assessed against McClain pursuant to 26 U.S.C. § 6702(a) for three frivolous returns: two submissions concerning the 2008 tax year, and one concerning the 2016 tax year.  Doc. No. 20 ¶¶ 7-9.  Such penalties are authorized if three conditions are met:  1) "the taxpayer must file what purports to be a return"; 2) "the return . . . must contain information which on its face indicates that the self-assessment is substantially incorrect";[6] and 3) "the taxpayer's position must be frivolous . . . or demonstrate a desire to delay or impede the administration of the income tax laws."  Sullivan v. United States, 788 F.2d 813, 814-15 (1st Cir. 1986); accord 26 U.S.C. § 6702 (a)(1)-(2).   The undisputed facts and supporting exhibits establish: that McClain made three filings that purported to be tax returns (Forms W-8BEN and W-2CC filed in late 2009, a Form 1040NR-EZ filed in October 2010, and a Form 1040NR-EZ filed in April 2017); that each filing was facially incorrect (insofar as they asserted McClain, a resident of Massachusetts since birth who was employed by entities that submitted wage withholding information to the IRS, either had no income or was a "nonresident alien"); and that each filing expressed a position that was patently frivolous.[7]  See Doc. No. 31 at

---

[6] There is a second way to satisfy this second condition, but it is irrelevant here.

[7] Though the government does not argue it, the Court observes that one might reasonably conclude from McClain's course of conduct—to wit, his repetition of ridiculous positions in communications with the IRS, litigation before the Tax Court, and submissions to this Court despite repeated notice that his positions are without a basis in law and warnings of the consequences that continued adherence to such positions would invite—that he intended "to delay or impede the administration of the income tax laws." 26 U.S.C. § 6702(a)(2)(B).

5

4-6, 9 (describing relevant filings in paragraphs 11 through 19 and 34 through 37, and explaining why such filings justified penalties). That is all the law requires the government to prove in support of a request to reduce to judgment tax penalties such as those at issue here. See United States v. Melone, No. 11-cv-11548-PBS, 2013 WL 1285473, at *3 (D. Mass. Mar. 26, 2013).

Because the undisputed facts establish that all three prerequisites are satisfied as to each of the three penalties McClain incurred for filing frivolous returns, the government is entitled to judgment as a matter of law on Count Two in the amounts it identifies.

The final claim the government brings seeks a determination that it has valid liens on the Property and an order allowing it to enforce those liens through a judicial sale. Doc. No. 20 ¶¶ 10-12. Once the 2008 income tax liability and the frivolous return penalties were assessed, and after McClain refused demands to pay the amounts assessed, federal tax liens arose in favor of the government and attached to "all" of McClain's "property and rights to property, whether real or personal." 26 U.S.C. § 6321; accord United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719 (1985). Such liens continue today, given McClain's continued failure to satisfy the assessments (along with the interest they continue to accrue). 26 U.S.C. § 6322. The reach of the government's lien "is broad," given Congress's intent that it "reach every interest in property that a taxpayer might have." Nat'l Bank of Commerce, 472 U.S. at 719-20. Here, the undisputed facts establish that the liens in question attached to the Property which McClain alone owned from 2014 until 2019.[8]

---

[8] Though some of the relevant assessments were made before 2014, they attached to the Property when he acquired it (and the later liens attached when the assessments were made). See In re DeAngelis, 373 F.2d 755, 757 (3d Cir. 1967) (noting federal tax "lien applies to the taxpayer's property acquired after the lien is created"); see generally United States v. McDermott, 507 U.S. 447 (1993) (discussing application of existing federal tax lien to after-acquired property). The Property later was subject to an Instrument of Taking by the City of Brockton due to unpaid local taxes. Doc. No. 31 at 11-12 (paragraphs 45 through 48); Doc. No. 31-38. The government and

Pursuant to 26 U.S.C. § 7403(c), this Court "may decree a sale of" property subject to a federal tax lien, "and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." Accord United States v. Beninati, 632 F. Supp. 2d 116, 119 (D. Mass. 2009). McClain has not opposed the government's request for an order allowing the sale of the Property, nor have any of his submissions identified any colorable factual or legal objection to the government's evidence that he (and he alone) owned the Property for five years during the relevant time period, that the liens attached to the Property then, and that the law supports the government's request for an order permitting its sale. The record further establishes that the only other party with any interest in the Property (the City of Brockton) accedes to the government's request. Accordingly, the undisputed facts support entry of judgment in the government's favor as a matter of law on Count Three.

In his letters to the Court, McClain articulates a variety of requests. He again urges the Court to dismiss this action for lack of jurisdiction, requests an order compelling the IRS to remove his name and social security number from its records, asks the Court to prohibit any further efforts by the government to assess and collect taxes from him, and demands the return of his "fraudulent payments over the last 20 years with penalties and interest." Doc. No. 28 at 14; Doc. No. 29 at 1-2. He is not the first litigant to espouse the "well-worn" and "silly" arguments expressed in his letters. In re Haggert, 1992 WL 379414, at *4. His arguments, which have no basis in law, fail just as the same baseless contentions by countless other tax protestors have failed for decades. E.g., id.; see Doc. No. 8 (rejecting as "meritless" the same arguments when McClain made them in a motion to dismiss).

---

the City, joined as a defendant here due to its present interest in the Property, have stipulated that the federal tax liens were not divested by the Instrument of Taking, and that the City consents to a judicial sale of the property under conditions specified in the Stipulation. Doc. Nos. 25, 26.

For the foregoing reasons, the government's motion for summary judgment (Doc. No. 30) is ALLOWED, and McClain's letter requests for various Court orders (Doc. Nos. 28, 29) are DENIED.

A separate judgment shall issue.  Within ten days of this Order and the accompanying Judgment, the United States shall file a post-judgment motion and proposed order setting forth the procedures the government proposes for the judicial sale of the property and specifying the manner in which the proceeds of such sale will be distributed.  Any response or objection by McClain thereto must be filed within fourteen days of the docketing of the government's motion.

SO ORDERED.

  /s/ Leo T. Sorokin  
United States District Judge